JAMES MARSHALL, plaintiff in error, *vs.* NATHAN ADAMS, for the use of John M. Ogleby, defendant in error.

*Error to Marion.*

Admissions made by the administrator of an intestate, cannot bind a joint promissor with the intestate.

If it becomes necessary to give evidence of what a party to the suit had previously said, or verbally sworn to, it can only be done by the sworn testimony of some one who heard him make the statement, and then his words must be substantially given, and not the conclusion as to what his words would prove.

That a note made payable to an individual by name simply, affords of itself no evidence that the note belongs to him in a representative capacity.

This was an action of debt, brought by Adams for the use of Ogleby, upon five sealed promissory notes, executed by one John W. Roach and the plaintiff in error. Four of these notes were made payable to Nathan Adams, guardian for the minor heirs of James Blair, deceased, and one to Nathan Adams simply.

The cause was tried by a jury, at August term, 1848, before Denning, Judge. Verdict and judgment for defendant in error, for $550 92.

·The defendant in the Court below, pleaded payment by said Roach, in his life time, after the notes became due, and before the assignment or transfer of the interest in the same to the said Nathan Adams, he then being the holder and owner of said notes, and having the legal right thereto. This plea was traversed and

issue joined.   Upon the trial was read to the jury, as evidence admitted by the plaintiff in the Circuit Court, the affidavit of the defendant, made to obtain a continuance of the cause; in which it was set forth and admitted as true, that the notes sued on were executed by said Roach, in his life time, as principal, and by the defendant as surety; and that after the death of said Roach, the several notes sued on were found in the possession of and among the private papers of said Roach, left by him at his decease, the said Roach being a joint maker of said notes with the defendant, and that since the death of said Roach, the notes sued on were taken from among his private papers.

During the progress of the trial the plaintiff, for the avowed purpose of proving the admission of the defendant, offered to read from the books belonging to the office of the probate justice for Marion county, an entry or memorandum, in the following words:

" *Probate Records.*—Marion, Illinois, special term, August 25, 1842.   And now at this day comes Nathan Adams, and made proof, by the testimony of James Marshall, that he did, on or about the 20th of September, 1840, resign his guardianship as guardian of Thomas Blair, Hiram Blair, Mary Ann Blair and Nancy Blair, minor heirs of James Blair, deceased; as such orders that the resignation of Nathan Adams be entered of record, which is done in the words and figures following, to wit: Be it known that the aforesaid Nathan Adams is ordered to be free of all guardianship of said minors from the date above mentioned.                    JAMES CHANCE, *Probate J. P.* [SEAL."]

The reading of which was objected to, but objection was overruled, and the same was read to the jury as evidence.

The plaintiff, also, further proposed to read from the said books of probate justice, the appointment of one Doct. Hall to be the administrator of said John W. Roach, deceased, and then to prove the admissions of said Hall, after being appointed such administrator, that the notes sued on had not been paid by said Roach in his life time; which being objected to, was, notwithstanding, permitted to go to the jury.

The Court, at the instance of the plaintiff, instructed the jury: That the admissions of an administrator are competent to bind the estate of his intestate.

The Court refused to give the following instruction asked for by defendant: That the note payable to Nathan Adams, without describing him as guardian of the heirs of James Blair, deceased, does not of itself afford any evidence that this note belonged to Adams as guardian.

DAVID J. BAKER, for plaintiff in error, presents the following points and authorities:

1. The admissions of the defendant cannot be proved by a memorandum made by James Chance, or any other person, in or out of any office, upon the probate books, of a fact established by the oath of said defendant touching a certain matter or on a certain occasion. Such admissions, if oral, should be established by the oath of some witness who heard him swear; or, if it was embodied in a written affidavit, signed by the defendant, that affidavit, or a certified copy of it, should have been produced. 1 Greenleaf's Ev., sec. 82; 2 Stephens' Nisi Prius, 1569.

2. The admissions of Doct. Hall, the administrator of John W. Roach, deceased, could not be proved against the defendant, because: First, they were *res inter alios acta.* 1 Greenleaf's Ev., secs. 187, 99; 2 Stephens' Nisi Prius, 1561. Second, they could not be proved to charge the estate which he represented, much less to charge the defendant in this suit. Revised Laws 1833, secs. 111, 112, 113 and 114; Revised Stat. 1845, secs. 95, 119.

3. Nathan Adams, the guardian, could control the notes taken to himself, acting as such guardian, after he had made settlement of his trust, unless he had transferred those notes to his wards, or some other person. His right to collect the notes did not cease upon his settling, unless he transferred the notes, and thereby ceased to be the owner of them. His being described as guardian was mere *descriptio personæ.*

4. The possession by the maker of a note, executed by him, is unexplained *prima facie* evidence of his having paid the same.

5. A common promissory note or bond executed to "Nathan Adams," without any description or mention of the character in which he receives it, or of the fund to which it belongs, affords no evidence of its being a trust fund held by him as guardian.

WALTER B. SCATES, for defendant in error.

Opinion by Mr. Justice TRUMBULL:

This was an action of debt brought upon some notes executed by John W. Roach and James Marshall, and all made payable to "Nathan Adams, guardian for the minor heirs of James Blair, deceased," except one, which was payable to "Nathan Adams" simply.

Marshall pleaded that the notes were paid by Roach, who was the principal in the notes, in his life time. The jury found against the plea, and the plaintiff below had judgment for the amount due upon the notes.

Upon the trial, the plaintiff was permitted to prove the admission of the administrator of Roach, that the notes were not paid by Roach in his life time; and, also, for the purpose of proving the admissions of the defendant, Marshall, to read in evidence to the jury the following entry upon the records of the Probate Court of Marion county, to wit: "Special term, Aug. 25th, 1842. And now at this day came Nathan Adams, and made proof, by the testimony of James Marshall, that he did, on or about the 20th of September, 1840, resign his guardianship as guardian," &c. The Court also instructed the jury, at the instance of the plaintiff, "that the admissions of an administrator are competent to bind the estate of his intestate," and refused to instruct at the request of the defendant, "that the note payable to Nathan Adams, without describing him as guardian of the heirs of James Blair, deceased, does not of itself afford any evidence that this note belongs to Adams as guardian."

The admission of the foregoing evidence, which was objected to at the time, and the giving of the instruction asked by plaintiff and refusing the one asked by defendant, are now assigned for error.

It was clearly erroneous to admit in evidence, in this action against Marshall alone, the admissions made by the administrator of Roach. Admitting the law to be as plaintiff below insisted, that an administrator may by his admissions bind the estate of his intestate, and it by no means follows that such admissions can bind a joint promissor with the intestate. Where there are several administrators, the confession of a debt due from the estate by one is not admissible in a suit for the debt

against the co-administrators, to establish the original demand. Hammon *vs.* Huntley, 4 Cowen, 493; Forsyth *vs.* Ganson, 5 Wend., 558. And there is no such joint interest between a surviving promissor and the administrator of his co-promissor, as to make the admission of the one binding upon the other. 1 Greenleaf Ev., 176. But we are not prepared to admit that an administrator can, under our laws, which prescribe the mode of establishing claims against an estate, bind the estate by his admissions. R. S., ch. 109, secs. 95, 116, 118, 119, 122; Quarle *vs.* Littlepage, 2 Henning & Munf., 401. It is, however, unnecessary to settle that question in this case, as such admissions are clearly inadmissible as against Marshall.

The probate record was also improperly admitted in evidence, for the purpose for which it was offered. If it became necessary to give evidence of what Marshall had previously said or verbally sworn to, it could only be done by the sworn testimony of some one who heard him make the statements, and then his words substantially must be given, and not the result of what his evidence proved.

The instruction asked by defendant should also have been given. That a note made payable to an individual by name simply, affords of itself no evidence that the note belongs to him in a representative capacity, is a self evident proposition.

The judgment of the Circuit Court is reversed, and the cause remanded.

*Judgment reversed.*