Pearson, J.
 

 His Honor instructed the jury, that if the donor, at the time the deed of gift was executed,
 
 hone ttly believed,
 
 that she had property sufficient to satisfy all of her debts then owing, but was
 
 in .fact mistaken,
 
 and' made the deed of gift without an intent to defraud creditors, it was valid. To this the plaintiff excepts. There is error. Apart from the act of 1840, if there bo an existing debt, and the debtor makes a voluntary conveyance, and afterwards becomes insolvent, so that the creditor must lose his money, or the donor must give up the property, the latter is required to give way; on the ground, that one must be honest,. before he is permitted to fee generous. To effect this, such voluntary conveyance is presumed, as a matter of law, to.be fraudulent. Jones v. Young 4, Dev. and Battle 353. Houston v. Bogle, 10 Ird. 496.
 

 The act of 1840 makes an important change in the law, and requires the question of fraud to be submitted to the jury, as an open question of fact,
 
 in those eases,
 
 where,
 
 uat
 
 
 *69
 
 the time of the conveyance, property,
 
 fully sufficient and available,
 
 for the satisfaction of all his then creditors, is retained'by the donor.” This is made a condition precedent, in order to bring a case within the operation of the act.
 

 His Honor was of opinion, that, if the donor honestly believed she retained propertysufficient to satisfy all of her existing debts, although she was in fact mistaken, it would suffice to bring the case within the operation of the act, and make the intent to defraud an open question of fact. In other words, he supposed the act was general in its operation, and did not advert to the fact, that it is expressly restricted to cases, where the debtor retains property, fully sufficient and available, to- satisfy all of his existing debts.
 

 We are not called on to say, what proportion the amount of the debts may bear to the amount of property retained; it is sufficient to say, that twenty negroes, and two small tracts of land, valued in all at $7,250, is not property fully sufficient and available to pay debts amounting to $6,848,' which was the condition of things in this case. No man would lend money upon such security; he would require property of this description to exceed the debt at least onc-third, if not one-half. Should one of the negroes die, the fund is at once insufficient; to say nothing of the accumulation of interest, and the fact that the debtor must have something to live on. •
 

 . Every important change of the law, by a Statute-, gives rise to questions of difficulty, for the wit of man cannot foresee all the consequences; besides that of fixing a rule of proportion, another is suggested by the facts in this case— a part of the indebtments were Surety debts, (what part is not stated:) Ought such debts to be taken into the account ? They are debts as much as any other sort, and frequently persons are induced to make fraudulent conveyances, when they find themselves embarrassed as surety. On the other hand, if the principal be entirely solvent, it would seem, that
 
 *70
 
 it ought to be considered. This would involve the necessity of taking an account all around. But we cannot anticipate, and will not venture to lay down a rule, except when the decision of the case requires it, and we can have the benefit of a full discussion.
 

 Judgment reversed. -
 
 Venire de
 
 novo.