(Decided 11th March, 1869.)

MARTIN EAKLE *vs.* SOPHIA D. CLARKE, Guardian of ROBERT B. CLARKE, and others.

*Admissibility of Evidence — Motion in Arrest of Judgment.*

H and C were tenants in common of a grist mill; C died, and his moiety descended to his children. The guardian of these children, as such, and H rented the mill to E for a year at $450, with a right to apply the sum of $100 in repairs. In an action against E by the guardian for a moiety of the rent, E offered to prove that subsequent to the contract of renting, H, since deceased, out of the presence of his co-lessor, admitted that by the terms of renting, E was to pay an annual rent of $450, and "the lessors were to keep, or pay for keeping, said mill in repairs." HELD:

That this evidence was inadmissible against the plaintiff; it being the declaration of a third party, it could only bind him or another having a joint interest.

A judgment will not be arrested for an omission of mere matters of form.

APPEAL form the Circuit Court for Washington County.

This was an action of *debt* brought by the appellee, as guardian of her children, to recover from the appellant rent due by him for a certain grist mill, with a mill-dam and

mill-race apurtenant thereto, and used for the purpose of operating said mill, in Washington county.

William B. Clarke and Samuel Horine were owners, a tenants in common, of the Antietam Iron Works, attached to which was a grist mill; Clarke died, and his moiety descended to his infant children, of whom the appellee was guardian. The appellee, as such guardian, and Samuel Horine rented the said grist mill to the appellant for one year, from the 1st day of August, 1860, for $450, with the right to apply the sum of $100 in repairs. The proportionate share of rent was to be paid to each lessor, deducting their respective shares for repairs. Under this renting, the appellant entered into the possession of the premises, and holding over under such renting, continued in the use and occupation thereof, until the 1st day of August, 1863; he paid to the appellee the sum of $225, her share of the rent, due the 1st day of August, 1861, and took her separate receipt therefor. For this year the appellant claimed a larger sum for repairs than was originally agreed upon, and the same was allowed by the appellee to avoid trouble and litigation. The appellee's share of the rent for the two remaining years was not paid, and this suit was brought to recover the amount.

The appellant admitted the renting of the mill for $450 a year, and his tenancy for three years, from the 1st of August, 1860, but denied any agreement about limiting the repairs to the mill to $100 a year; he stated that the lessors agreed to keep the mill in reasonable repair, or pay for such repairs as might be needed during the tenancy; and that the necessary repairs for each year of the tenancy exceeded the sum of $100, and he claimed to have the amount of the repairs discounted from the rent.

*Exception:* The defendant offered to prove that sometime in the year 1860 or 1861, subsequent to the contract of renting, Samuel Horine, since deceased, admitted and declared, in a conversation with the witness, that by the contract of

renting, the defendant was to pay the sum of $450, as an annual rent for the mill, and the lessors were to keep, or pay for keeping, said mill in repair. To the admissibility of this declaration and admission the plaintiff objected, and the Court (FRENCH, J.,) sustained the objection, and refused to allow it. to be given to the jury. To this ruling of the Court the defendant excepted. The jury, by their verdict, found "for the plaintiff upon the issues joined, and assessed the damages at $390." The defendant thereupon moved in arrest of judgment, and assigned the following reasons for the motion:

1st. Because the jury have not in their verdict, found in accordance with, and in reference to, the different issues joined in the cause.

2d. Because the jury have not found in their verdict, upon all the different issues joined in the cause, and hence their verdict is uncertain.

3d. Because it does not appear from the verdict of the jury, upon what issues the jury passed, nor how the different issues were found by them.

4th. Because the amount found by the verdict, is found as damages only, and the action being one of debt, such finding is improper, and is not such verdict as judgment can be rendered thereon.

5th. Because the declaration in the cause is insufficient, upon which to render a judgment for the plaintiff.

The Court overruled the motion, and entered judgment on the verdict. The defendant appealed.

The cause was argued before STEWART, BRENT, GRASON, MILLER and ROBINSON, J.

*A. K. Syester*, for the appellant.

*William T. Hamilton*, for the appellee.

ROBINSON, J., delivered the opinion of the Court.

The appellee and Samuel Horine, being seized of undivided moieties in a certain grist mill, rented the same to the appellant.

This suit was brought to recover one-half of the rent claimed to be due the appellee.

After evidence on both sides in regard to the contract of renting, the appellant offered to prove by a witness, that Horine, since deceased, admitted, that by the terms of renting, the appellant was to pay to him, Horine and appellee, an annual rent of four hundred and fifty dollars, and that the lessors " were to keep or pay for keeping said mill in repair."

This declaration was made after the contract of renting, and not in the presence of the appellee. We know of no rule of law by which this evidence was admissible against the appellee. Being the declaration of a third party, it could only bind him, or another having a *joint interest.* The reason and limit of the rule governing and controlling the admissibility of such declarations or admissions, is very clearly stated in the notes to *Bauerman vs. Radenius,* 2 *Smith's Leading Cases,* 387 : " So far as the interest is *joint* and the *act* of one could affect the *other,* or bind the *whole interest,* so far his admission shall affect and bind, and *no further."* Or as laid down in 2 *Stark. Evi., Part* 1, 29, the declaration is not admissible, unless " the party making such admission or declaration, can be considered as *identical in* interest and authority with the other, or to be his mere instrument or agent." This rule is constantly applied in cases of partnership, where the partnership being first proved, the admission of one so far as the power of a partner extends, is evidence against all. The rule has also been extended to cases in which the party to the suit is, by succession of title so far in privity with another, that the acts of that other could have affected his interest. Hence the declarations of a former possessor or proprietor of land against his interest, *made during the continuance* of his interest, not after, are evidence against those subsequently claiming under him.

Tested by these principles, the declarations of Horine were clearly inadmissible. His interest in the property was not *joint*, but *separate*, and there is no evidence to show that he was *authorized* to bind the appellee either by his acts or declarations. It was in fact an attempt to bind one tenant in common by the declarations of another, made after the contract of renting, and without the privity of the party against whom the evidence was offered.

Upon neither reason nor authority, could such evidence be received.

The motion in arrest of judgment was properly overruled. The reasons assigned went to matters of form, and therefore within the 8th sec. Art. 75, of the Code. For these reasons the judgment must be affirmed.

*Judgment affirmed.*

(Decided 11th March, 1869.)