JACOB YOUNCE and wife *et al. v.* HIRAM McBRIDE.

When a guardian uses the funds of his wards in the purchase of a tract of land, they can follow the land to enforce the payment of the amount due them, and nothing can divest their right to do so except the exercise of their own free wills after coming of age, or the decree of some Court of competent jurisdiction.

This was a CIVIL ACTION, brought by the plaintiffs after they had come of age against the defendant, who had been their guardian, to follow some funds belonging to them, which he had used in the purchase of a tract of land. He admitted that he had used their funds in paying for the land, but he contended that under the circumstances, the plaintiffs were not entitled to the relief which they demanded. . These circumstances are fully stated in the opinion of this Court.

His Honor, *Judge Henry*, at the Fall Term of the Superior Court of WATAUGA, gave judgment against the plaintiffs, from which they appealed.

*G. N. Folk*, for plaintiffs.
*J. W. Todd* and *Busbee & Busbee*, for defendant.

READE, J. It is admitted that the defendant used the fund of his wards, the plaintiffs, in paying for the tract of land mentioned in the pleadings, and took a conveyance to himself.

The question is, whether the plaintiffs have the right to follow the fund, and subject the land to the satisfaction of their claim. There is no principle better settled. They have the right. But the defendant says that this case is taken out of the general principle, by reason of one or both of the following circumstances :

1. The person of whom he bought the land was administrator of an estate in which the plaintiffs were distributees ;,

and the fund aforesaid was their share of the estate in the hands of the administrator. And the defendant, when he settled with the administrator, instead of requiring the administrator to pay up the amount due his wards, gave him a receipt as if he had paid it, and charged himself with the amount in his guardian account; and the amount was put to his credit in part payment for the land. And he says he did this merely for convenience, and with no view to make an investment for his wards, but for his own benefit. It is not necessary to charge the defendant with *mala fides* in the transaction. What he did not intend, the law intends for him. And the moment he put his wards' funds in that land, that moment it became incorporated with every grain of it. It became their land to the extent of the investment, and no shift or contrivance, however intended, could divest it out of them except the exercise of their own wills, or the decree of some Court of competent jurisdiction.

2. The defendant says that he not only charged himself with the amount as guardian, but that, subsequently, he resigned, and another guardian was appointed; and that he settled with the new guardian, and paid him over the amount. And, therefore, he says the plaintiff's remedy is against the new guardian.

If the defendant had gone a step farther and alleged that the plaintiffs, upon arrival at age, had received of the new guardian the aforesaid amount, it may be that this would have been a satisfaction and an abandonment of their equity in the land. But the defendant stops short of that allegation; and, therefore, we infer that the fact is not so. And if it be not, then the defendant, after the plaintiffs are satisfied out of the land, may, probably, have the satisfaction of being substituted in their stead, in a claim against the new guardian. And so it will work out, that his wards will follow their funds and he may follow his funds.

The judgment below is reversed, and judgment here for

the plaintiffs for the amount invested in the land, with interest from the time of the investment. The Clerk will make the calculations; and unless the judgment is satisfied by the next term of this Court, the land will be sold for its satisfaction.

PER CURIAM.                    Judgment accordingly.