## W. W. COCK et al. *v.* M. E. OAKLEY et al.

1. FRAUD — VOLUNTARY CONVEYANCE. — O. being indebted to C., made a voluntary conveyance of land to her son, after which C. brought suit and recovered judgment against O.; the conveyance is shown to be in all things free from fraud in fact, and made in accordance with a previously expressed purpose to make a provision for her son. A bill will be entertained, nevertheless, to vacate the conveyance. The law presumes that a voluntary conveyance, resting upon moral motives, is void as against existing creditors. The donee may show circumstances which repel the

presumption, as that the donor was in a prosperous condition, and retained ample means accessible, to discharge all obligations. The gift must be reasonable, apparently in no serious degree putting in hazard the right of existing creditors.

APPEAL from the Chancery Court of Benton County. Hon. L. C. ABBOTT, Chancellor.

The material facts in this case are stated in the opinion of the court.

*Kimbrough & Abernathy,* for appellants :

The evidence sustains the bill. The debt existed, the judgment had been obtained on it. The conveyance was without consideration. The debtor divested herself of all visible property. The execution had been regularly issued and returned *nulla bona.* A voluntary conveyance is not good as to creditors, whatever be the actual intent. Young v. White, 3 Cush., 146 ; Swayze v. McCrossin, 13 S. & M., 317 ; Catchings v. Manlove, 10 George, 655 ; Bogard v. Gardley, 4 S. & M., 302.

*T. J. & F. A. R. Wharton,* for appellees :

It will be observed that the deed bears date *December* 31, 1872, while the original suit in the justice's court was brought by the appellant, January 30, 1873. Judgment was rendered for defendant in that court, and an appeal was taken to the circuit court, and judgment was rendered against Mrs. Oakley on August 24, 1874. The execution was returned "no property found," and the bill was filed on October 15, 1874. It was not shown that the judgment was enrolled, and we insist that no lien existed against the land ; the fraud charged in the bill is fully denied in the answer. The proof shows that the goods charged to Mrs. Oakley were sold to her son, on his own account, and that she was not liable for the price of them. The amount of the account ($54.00) was too trifling to have been any inducement to make a fraudulent conveyance of land worth several times as much, and knowing that she had not purchased the goods, she could not and did not, from the very nature of things, have thought of the claimant or his claims.

SIMRALL, J., delivered the opinion of the court.

The complainant, W. W. Cock, had recovered judgment in the circuit court of Benton county, against the defendant, Mrs. Oakley, upon which execution had been issued and returned *nulla bona.* After incurring the liability, upon which the judgment was founded, Mrs. Oakley made a voluntary conveyance of a quarter section of land to her son.

The object of the bill is to vacate this conveyance, and declare the land subject to the satisfaction of the judgment.

The proofs in the cause make it clear, that Mrs. Oakley did not make the conveyance with the motive and intent to defeat the complainant's demand. She did not suppose she was liable for the debt asserted against her, and controverted that point with the complainant in good faith. The transaction between Mrs. Oakley and her son is free of all fraud in fact, and was consummated in accordance with a previously expressed purpose to make a provision for her son.

The chancellor dismissed the bill, because, as recited in the decree, there was no evidence of an actual fraud intended by Mrs. Oakley. We entirely concur with the chancellor that such is a just and proper conclusion. But this case does not need the establishment of that fact in order that the complainant may succeed. The judgment at law is conclusive against Mrs. Oakley of indebtedness. It does not avail to attempt, by evidence, to show that there ought to have been no recovery against her. It might be conceded that the testimony greatly preponderates to establish the fact that the son took up the goods as a mode of getting payment of his salary, due him from the complainant, and that they were not bought by Mrs. Oakley, or upon her credit. But those matters were involved in the suit at law, and were settled by the verdict and judgment. If the relief of the complainant depended on the question whether there was an *actual* fraud or not; that is, whether the conveyance was prompted to be made by the motive of evading this debt, such testimony would be pertinent and valuable.

But the law assumes, or presumes, that a voluntary conveyance resting upon moral motives is void as against existing creditors. The donee, however, may show the circumstances which repel and overcome that presumption. As that the donor was in prosperous condition, and retained ample means, accessible to creditors, to discharge his obligations. The gift must be reasonable, apparently in no serious degree. putting in hazard the rights of existing creditors. Wilson v. Kolheim, 46 Miss., 346 ; Pennington v. Seal, 49 ib., 524 ; Catchings v. Manlove, 39 ib., 669.

The inquiry, then, should have been, was the advancement which Mrs. Oakley made to her son, reasonable ? Did she retain ample means to discharge her debts ? Could serious prejudice incur to her creditors because of the conveyance ?

The testimony establishes that the sheriff could find no property upon which to levy an execution. One witness stated that Mrs. Oakley had five or six thousand dollars in money. But it is easy to keep that beyond the reach of creditors, as has been successfully done by Mrs. Oakley.

Upon the facts developed in this case, we are of opinion that the voluntary conveyance by the debtor to her son, does not protect the land against the complainant's judgment.

Whereupon the decree of the chancellor dismissing the bill is reversed, and decree in this court declaring the right of the complainant to have satisfaction of the judgment out of the land.