*JULIA A. COBLE and others v. DAVID COBLE Adm'r.,

*Practice—Form of Issue—Evidence—Admissions of Administrator.*

1. While that form of an issue cannot be commended which submits to the jury a series of alternative propositions which should have been separately presented, yet, if the case be such that an affirmative answer to any one of the propositions entitles the plaintiff to relief, no exception thereto can be sustained.

2. The admissions of an administrator, made before he was completely clothed with that trust, cannot be received against him in his representative capacity.

(*Beam* v. *Froneberger*, 75 N. C., 540; *Younce* v. *McBride*, 68 N. C., 532; *May* v. *Little*, 3 Ired., 27 ; *Mushatt* v. *Moore*, 4 Dev. & Bat., 124, cited, distinguished and approved.)

CIVIL ACTION tried at Spring Term, 1879, of GUILFORD Superior Court, before *Buxton, J.*

Samuel Coble died intestate in April, 1862, being the owner of a large real and personal estate and owing but few debts. W. A. Coble and W. R. Denny took out special letters of administration upon his estate, and subsequently they, together with David Coble, received general letters of administration. After a partial administration of the estate, Denny was appointed and qualified as guardian of the plaintiffs, who are the minor children of the intestate, Samuel Coble. While Denny was guardian, he bought a tract of land from one F. W. Shaw at the price of two thousand dollars, and paid for the same in confederate money, (alleged to be the funds of his wards), taking a deed to himself, and afterwards resigned his guardianship, and W. M. Mebane was appointed in his stead. Denny died insolvent in 1866, the defendant was appointed his administrator, and the sureties upon his

*Dillard, J., having been of counsel did not sit on the hearing of this case.

(Denny's) bond are also alleged to be insolvent. The said land was sold by Denny to one Peter Shoe for four hundred dollars in November, 1865, and the bond of said purchaser to Denny was to be delivered to the guardian of plaintiffs, but this was not done, and the defendant as administrator of Denny has collected the same by suit against the maker and a sale of said tract of land. This action is brought to recover the proceeds of the said sale, claiming it to be the property of the wards.

The answer denies that the money used in the purchase of the Shaw land belonged to Denny, as guardian, or as co-administrator, and demands proof of the matters alleged in the complaint.

The following issue was submitted to the jury : Was the Shaw land bought by Denny with his ward's money, or with money which had been substituted for theirs, or with the proceeds of property which had been substituted for their money?

The exception which constitutes the basis of the decision of this court is as follows : Upon the trial of the issue, the plaintiffs' counsel introduced the written evidence of the defendant, David Coble, taken before a commissioner appointed to take an account of the administration of said Samuel Coble's estate, in an action brought by his next of kin (including the present plaintiffs) against W. A. Coble and David Coble, as surviving administrators, in which action the defendant was examined as a witness, and his evidence reduced to writing by the commissioner and signed by the defendant. The evidence was objected to, objection overruled, and defendant excepted. The jury responded to the issue in the affirmative, judgment for plaintiffs, and appeal by defendant.

*Mr. Thos. Ruffin,* for plaintiffs.
*Messrs. Scott & Caldwell,* for defendant.

SMITH, C. J.   When this case was before the court at June term, 1878, BYNUM, J., in delivering the opinion remarked that "the law and merits of the case are probably with the plaintiffs, and it is with reluctance that we are compelled to withhold an affirmation of the judgment rendered below, and to award a *venire de novo*," (79 N. C., 589.) The verdict is again for the plaintiffs upon the single issue submitted, and the fact found upon which rests their equity to follow and subject the money paid into the clerk's office to their claim against the intestate, W. R. Denny, their former guardian.   The form of the issue may be obnoxious to the criticism of the defendant's counsel, as containing a series of alternative propositions, which should have been separately presented, or separately passed on by the jury, yet as an affirmative answer to either entitles the plaintiffs to relief, no exception thereto can be sustained.   The right to the relief is fully supported by the authorities cited by the plaintiffs' counsel.   *Beam* v. *Froneberger*, 75 N. C., 540; *Younce* v. *McBride*, 68 N. C., 532; *Cook* v. *Tullis*, 18 Wall, 332.

Upon the trial of this issue, the proper response to the others with certain additional facts being agreed on by the parties, the plaintiffs offered in evidence, and after objection were permitted to read to the jury the deposition of the defendant, taken in a former action in which the present plaintiffs and other children of Samuel Coble by a former marriage were plaintiffs, against the defendant and W. A. Coble, surviving administrator of said Samuel Coble, for the settlement of the estate, the other administrator, the defendant's intestate, being dead.   The deposition tended to show the possession by Denny, as guardian, of a large amount of trust funds and their use in payment of the land purchased from Shaw, and was material upon the subject matter of enquiry.

We think the deposition ought not to have been received.

It was but a declaration, the verification not adding to its quality as evidence, made by David Coble in a suit to which his intestate was not a party, and the witness himself represented another and different estate. We know of no principle on which such evidence can be used to charge the estate of Denny, nor does it become competent because the deponent defends in the present action in the capacity of its representative. The rule is thus laid down in a standard treatise on the law of evidence :

The admissions therefore of a guardian or of an executor or administrator *made before* he was completely clothed with that trust, or of a *prochein ami* made before the commencement of the suit, cannot be received either against the ward or infant in the one case, or *against himself as the representative* of heirs, devisees and creditors in the other. 1 Greenl. Ev., § 179. So the admissions of one before he became assignee of a bankrupt are not receivable against him when suing as assignee. *Fenwick* v. *Thornton*, 1 M. & M., 51. The same view is taken in *May* v. *Little*, 3 Ired., 27, where a declaration of the wife made in her husband's life time, but not as his agent, was after his death offered as evidence against her as his administratrix. In delivering the opinion, DANIEL, J., with his usual brevity and clearness says : " The evidence at the time being inadmissible, the *ex post facto* circumstances of the death of the husband, and the wife *administering on his estate and being a party to the record* does not in our opinion legitimate it. It was illegal evidence from public policy *ab initio,* and it is so still."

The case cited for the plaintiffs, *Mushatt* v. *Moore,* 4 Dev. & Bat., 124, where an affidavit of one of the parties was read in evidence against him, is inapplicable, since the declaration and his relation to the cause were in his individual capacity. The reason excluding such testimony is that an estate, committed to the care and management of a per-

sonal representative, ought not to be charged or affected by what he may have said or done before he assumed that relation, since such an act or declaration is purely personal to himself.

It must be declared there is error in admitting the deposition, and there must be a *venire de novo* and it is so ordered. Let this be certified.

Error. *Venire de novo.*