WILLIAMS v. HUGHES.

(Filed September 20, 1904).

FRAUDULENT CONVEYANCES — *Evidence—Deeds—The Code, sec.*
*1547.*

> In an action to set aside a deed, evidence that the grantor retained
> $11,625 to pay debts to the amount of $11,500 is not sufficient
> to show that the grantor retained property sufficient to pay his
> debts.

ACTION by P. H. Williams against J. G. Hughes and
others, heard by *Judge W. B. Council* and a jury, at Fall
Term, 1903, of the Superior Court of CAMDEN County.
From a judgment for the defendant the plaintiff appealed.

*Pruden & Pruden* and *Shepherd & Shepherd,* for the
plaintiff.

*Ward & Thompson* and *E. F. Aydlett,* for the defendants.

MONTGOMERY, J.   Upon a reading of the statement of the
case on appeal, and especially the charge of his Honor, the
special instructions asked by both parties and the evidence, it
is apparent that on the trial below the case was determined
upon the question whether or not the plaintiff's testator, who
had made in his life-time a voluntary deed for land for the
benefit of two of his children, retained property at the time
of the execution of the deed "fully sufficient and available for
the satisfaction of his *then* creditors."   The Code, sec. 1547.
The first issue was in the following words: "Did plaintiff's
testator, D. L. Pritchard, convey the tract of land described
in the deed of January 25, 1886, with intent to defraud his
creditors?"   The most favorable evidence tending to show
that the donor did retain a sufficiency of property to satisfy

his indebtedness fixed the value so retained at $11,625. There was evidence for the plaintiff that the amount was no more than $8,500. The indebtedness of the plaintiff's testator when the deed was made was $11,500. His Honor was requested by the plaintiff to instruct the jury as follows: "That there is not sufficient evidence in this cause to show that the testator retained property ample and available to pay his existing debts, and you will answer the issue 'Yes'; that upon all the evidence in this cause you will answer the first issue 'Yes.' "

The Court refused to give the instructions, and the plaintiff excepted. There was error. As a matter of law, upon the evidence in the case the amount of property retained by the debtor was not fully sufficient and available for the satisfaction of the donor's creditors at the time of the execution of the deed. In *Black v. Saunders,* 46 N. C., 67, *Pearson, J.,* wrote for the Court: "We are not called on to say what proportion the amount of the debts may bear to the amount of property retained; it is sufficient to say that twenty negroes and two small tracts of land, valued in all at $7,250, is not property fully sufficient and available to pay debts amounting to $6,848, which was the condition of things in this case. No man would lend money upon such security; he would require property of this description to exceed the debt at least one-third, if not one-half. Should one of the negroes die the fund is at once insufficient, to say nothing of the accumulation of interest and the fact that the debtor must have something to live upon." In the case before us the debtor retained, as we have seen by the defendant donee's best witness, only $125 worth of property more than his indebtedness, and $1,000 worth of that was of perishable nature; and, besides, the donor was entitled to $1,000 worth of real estate as his homestead exemption, which could not be subjected to his debts against his will during his life, and

could reserve also, if he chose to do so, $500 worth of property as his personal property exemption.

The prayers for instruction should have been given.

