## DAUGHERTY v. TAYLOR.

(Filed March 6, 1906).

*Husband and Wife—Declarations—Evidence—Cestui que Trust.*

1.  An instruction that the jury should not consider any declarations made by the husband of the *feme* plaintiff unless they find that such declarations were authorized by her, is correct, where the husband had neither then nor at the trial any interest in the land in controversy and is only joined because his wife is plaintiff.

2.  The contention that the husband's declarations are competent against him as a *cestui que trust,* in possession, is without merit, where neither the plaintiff nor the defendant derive their title from him, nor is he setting up any title to himself.

ACTION by H. P. Daugherty and wife against B. R. Taylor and wife, heard by *Judge Henry R. Bryan* and a jury, at the November Term, 1905, of the Superior Court of CRAVEN. From a judgment for the plaintiffs, the defendants appealed.

*D. L. Ward* and *Simmons & Ward* for the plaintiff.
*W. W. Clark* for the defendant.

CLARK, C. J.  In 1870 the plaintiff, H. P. Daugherty, bought a tract of land containing 200 acres, built a house upon it and has lived there ever since.  In 1878 this tract was sold under execution and was bought by George A. Richardson under an agreement to reconvey to said Daugherty whenever he repaid him.  It does not appear whether the money or any part of it has ever been repaid.  In 1894 Richardson conveyed about 160 acres of this land to Elizabeth Daugherty, wife of H. P. Daugherty.  Two years later Richardson executed a deed of gift of the remaining 40 acres to his daughter, the defendant, Beulah Taylor.  The controversy is as to the location of the "mouth of Lot's Branch," a material call in both of said deeds.

The sole exception is to this instruction given at the request of plaintiff: "The jury should not consider any declaration made by H. P. Daugherty after the deed from the sheriff to Richardson, unless they further find that such declarations were authorized by Elizabeth Daugherty." In this there was no error. H. P. Daugherty had then and had at the trial no interest in the land, and is only joined because his wife is plaintiff in the action, his declarations, unauthorized by her, cannot be evidence against her. It is true that there is evidence that H. P. Daugherty made such declarations (denied by him on the trial) in 1893, after a deed had been executed by said Richardson and H. P. Daugherty and his wife for the timber on such tract and before the land was conveyed to Daugherty's wife by Richardson, and the defendant contends that his declaration was competent against him as a *cestui que trust,* in possession. But neither the plaintiff, Betty Daugherty, nor the defendant, Beulah Taylor, derive their title under H. P. Daugherty, nor is he setting up any title to himself in this action. His declarations are not competent against his wife unless he was acting by her authority, and indeed at that time she had no title herself. If H. P. Daugherty held under a parol agreement from Richardson to reconvey upon repayment of the purchase money, there is no evidence that the money had been repaid, and his wife does not hold under any title derived from him nor is she in privity with such title.

No Error.