A. A. SHUFORD, JR., v. F. P. COOK AND WIFE, VICTORIA COOK.

(Filed 5 May, 1915.)

**1. Debtor and Creditor — Deeds and Conveyances — Evidence—Fraud—Husband and Wife.**

> The mere declarations of the husband are not admissible as evidence against the wife in an action to set aside a deed made by the former to the latter as fraudulent as to his creditors; and the exclusion of such declarations becomes immaterial when it has been established that there was no fraudulent intent on his part.

**2. Same—Intent—Scope of Inquiry.**

> Upon cross-examination of the plaintiff in his action to set aside a deed made by a husband to his wife, upon the ground of fraud, much latitude is given upon the question of the defendant's fraudulent intent in making the conveyance, which affects the credibility of the witness or tends to assist the jurors; and the scope of the inquiry is broadened to take in all the relevant circumstances and conditions surrounding the parties.

**3. Debtor and Creditor—Deeds and Conveyances—Husband and Wife—Fraudulent Intent—Evidence.**

In an action to set aside a deed from a husband to his wife as fraudulent against his creditors, it is competent for the former to testify why he had made the deed, when relevant to the question of his fraudulent intent.

**4. Same—Principal and Surety—Insolvent Surety—Good Faith.**

When one of two sureties on a note has become insolvent and the other surety has paid off the note and brings action against the principal to set aside, as fraudulent against him, a deed he has made to his wife, it is competent for the defendant to testify that before he had made the deed he was informed by the cashier of the local bank that the insolvent surety had property, as affecting the question of his good faith and intent in retaining a sufficient amount of property to meet his obligations.

**5. Debtor and Creditor—Deeds and Conveyances—Voluntary Conveyance—Presumptions—Fraudulent Intent—Evidence—Interpretation of Statutes.**

In an action to set aside a husband's deed to his wife for fraud as to his creditors, the presumption formerly arising from a voluntary conveyance is removed and the indebtedness of the husband is evidence only from which the intent may be inferred, and a requested instruction is properly refused which requires the defendant to satisfy the jury by the greater weight of the evidence that he retained property fully sufficient and available. Revisal, sec. 962.

**6. Debtor and Creditor—Deeds and Conveyances—Husband and Wife—Fraudulent Intent—Evidence—Principal and Surety.**

Where the plaintiff seeks to set aside as fraudulent as against himself a deed to lands made by the husband to his wife, upon the ground that he with another became surety on the defendant's note, the cosurety became insolvent, and he paid the note in full, and that the husband had not retained sufficient property to pay his debts at the time of the conveyance, evidence as to the reasonable belief of the defendant that the cosurety was solvent at the time of the conveyance is competent; and as to the value of the property retained by the defendant, it need not have been sufficient to include the full amount of the note, so far as the plaintiff was concerned, he at the time being liable only, as surety, for half thereof.

BROWN, J., dissenting; WALKER, J., concurs in dissenting opinion.

APPEAL by plaintiff from *Harding, J.,* at December Term, 1914, of BURKE.

*B. B. Blackwelder, Self & Bagby, and S. J. Ervin for plaintiff.*
*Spainhour & Mull and Avery & Erwin for defendant.*

CLARK, C. J. This is an action to set aside a conveyance by the defendant F. P. Cook to his wife, the codefendant, 14 March, 1908, on the ground that it was voluntary and made in fraud of creditors. The defendant F. P. Cook and plaintiff were indorsers of the note of one J. E. Wheeler, who has since become insolvent, and the note was paid by the plaintiff, who at June Term, 1913, of Burke obtained judgment against F. P. Cook for $1,200 and interest from September, 1909, being the pro rata due by him to the plaintiff.

The defendants denied that the conveyance was voluntary or fraudulent, alleging that F. P. Cook at the time of said conveyance to his wife retained property amply sufficient to pay his then creditors, and further alleged that the property conveyed was purchased for the wife by her father and mother. The plaintiff insisted that neither of these allegations was true, but that the conveyance was executed with the fraudulent intent to hinder, delay, and defeat the creditors of F. P. Cook.

The jury found, in response to the issues submitted, that the defendant F. P. Cook at the time of the conveyance of the said property to his wife retained property fully sufficient and available for the satisfaction of his then creditors, and that while there was no consideration paid F. P. Cook by his wife, the said tract had cost $1,200, of which $1,100 had been paid by her father and mother; that the deed for the same had been executed by the vendor to F. P. Cook, with an agreement that he should hold the title for the benefit of his wife, and that in afterwards making the conveyance to her F. P. Cook had no intent to delay, hinder, or defeat his creditors.

The exceptions of the plaintiff are numerous, but many of them being of the same character, they may be grouped under a few heads. Exceptions 1, 2, 3, 4, 5, and 6 are to the exclusion of certain acts and declarations of F. P. Cook as evidence against Victoria Cook, though admitted as to him. This was competent as against him. *Eddleman v. Lentz,* 158 N. C., 71. Besides, as the jury find that there was no fraudulent intent on the part of F. P. Cook, it is immaterial that this evidence was excluded as to his wife.

Exceptions 7, 8, 9, 10, 11, 13, and 20 were taken on the cross-examination of the plaintiff A. A. Shuford, Jr. These questions bore more or less on the matters in issue, and in cases involving fraudulent intent much latitude is allowed on cross-examination as to inquiries that affect the credibility of witnesses or tend to assist the jurors.

Exceptions 14, 15, 16, 17, 18, and 19 were as to the testimony of the plaintiff on a former trial, and it was competent to inquire fully into such testimony. Neither can exceptions 21, 22, and 23 be sustained, for the scope of the inquiry in cases involving questions of fraud is broadened to take in all the circumstances and conditions surrounding the parties.

Exception 24 is to the testimony of F. P. Cook as to why he made the deed to his wife, but it was clearly competent on the question of intent.

Exceptions 25 and 26 are to the testimony of the defendant F. P. Cook that at the time he made the deed to his wife he knew that Wheeler had certain property, and that the cashier of the bank holding the note, which he signed, informed him of the possession of said property by Wheeler. This was competent as showing good faith and intent as to

the amount of property which should have been retained by him when making the deed to his wife. *Black v. Sanders,* 46 N. C., 67.

Exception 27 was for the refusal to give the following prayer for instruction: "Though you should find from the evidence that F. P. Cook, at the time of the execution of the deed in question, honestly believed that J. A. Wheeler was solvent, financially responsible, and would pay the note given to the bank when it became due, and though you should further find that F. P. Cook retained property fully sufficient and available for the satisfaction of his obligations other than the $2,400 note to said bank, then it would be your duty to answer the first issue 'No,' unless defendants satisfy you by the greater weight of the evidence that F. P. Cook retained property fully sufficient and available to pay the $2,400 note to the bank as well as his other obligations." The plaintiff earnestly pressed this exception, but the act of 1840, now Revisal, 962, provides that the court, where there is any evidence tending to show that at the time of the alleged fraudulent conveyance the grantor retained property fully sufficient and available for the satisfaction of his then creditors, shall submit the question to a jury "with such observations as may be right and proper." The presumption formerly arising from a voluntary conveyance made by a party indebted is thus removed and the indebtedness in such case is to be taken and held, in the language of Revisal, 962, "to be evidence only from which an intent to delay, hinder, and defraud creditors may be inferred." *Hobbs v. Cashwell,* 152 N. C., 183. As against this plaintiff, it was not necessary to retain $2,400, but as to him the liability to be covered was only $1,200.

As to exceptions 28, 32, and 33, the requests of plaintiff's counsel, which were refused, were in substance that the defendant must show that he retained property "fully sufficient and available" to pay all his obligations of every kind, without regard to his true and ultimate liability thereon by reason of the solvency or insolvency of his coöbligors or principals in an indebtedness to which he is surety. While holding that surety debts are to be taken as other debts in reserving property to pay them, *Pearson, J.,* says, in *Black v. Sanders, supra,* "On the other hand, if the principal be entirely solvent, it would seem that it ought to be considered."

So far as the plaintiff is concerned, it was not necessary as against him, as already stated, that the defendants should have retained and set apart $2,400 of property, since his liability to the plaintiff could not exceed his pro rata part, *i. e.,* $1,200.

It having been found on the other issues that the deed to his wife was executed by Cook without any fraudulent intent, and that if he had such intent it was unknown to his wife, and that $1,100 of the $1,200 originally paid for the land had been furnished by her mother and father, and that the deed to F. P. Cook had been executed by the vendor with

an agreement that he would hold the title for the benefit of his wife, much of this discussion is immaterial. But we have considered all the points raised.

No error.

BROWN, J., dissenting: The following is the first issue:

1. Did the defendant F. P. Cook, at the time of the execution of the deed in controversy to his wife, the *feme* defendant, M. V. Cook, retain property fully sufficient and available for the satisfaction of his then creditors?

The plaintiff in apt time requested the court to instruct the jury that "There is not sufficient evidence in this cause to show that F. P. Cook, at the time of the execution of the deed to his wife, M. V. Cook, retained property fully sufficient and available for the satisfaction of his then creditors, and you will answer the first issue 'No.' "

The court refused to give the instruction, and the plaintiff excepted.

I am of opinion, upon all the evidence, the prayer should have been given. Actual insolvency is not necessary in order to render a voluntary conveyance void; for if a person, largely indebted, makes a voluntary conveyance, and shortly afterwards becomes insolvent, that is enough to set aside the conveyance as fraudulent.

Wherever the amount of the property so closely approximates the amount of the liabilities that the conveyance would have a direct tendency to impair the rights of creditors, if they should attempt to force collection by judicial process, the debtor is adjudged insolvent. *Rose v. Dunklee,* 12 Col. App., 403.

The act of 1840, now section 962 of the Revisal of 1905, provides that no voluntary conveyance or gift by one indebted shall be deemed to be void "if property, at the time of making such gift or settlement, fully sufficient and available for the satisfaction of his then creditors, be retained by such donor or settler."

The property must be available to the creditors owning the debts existing at the time of the gift or settlement. The property must be available when such debts become due and payable, and if payment is refused, the property must be available at the time when the creditor, by the exercise of all due diligence, should reduce debt to a judgment. *House v. Hughes,* 1 Fla., 133; *Edmunds v. Mister,* 58 Miss., 765; *Cock v. Oakley,* 50 Miss., 628; *S. v. Koontz,* 83 Mo., 323; *Pomeroy v. Bailey,* 43 N. H., 118; *Williams v. Hughes,* 136 N. C., 58; *Black v. Saunders,* 46 N. C., 67.

In the last named case it is held as a matter of law that twenty negroes and two tracts of land valued at $7,250 is not property fully sufficient and available to pay debts amounting to $6,848. In the opinion *Chief Justice Pearson* says: "No man would lend money upon such security; he would require property of this description to exceed the debt at least one-third, if not one-half."

Accepting defendant's own valuation upon his property, which should be taken *cum grano salis,* at time he conveyed the property in controversy to his wife, his remaining assets exceeded his liabilities (after deducting homestead and personal exemption) only $610. The bulk of property retained is of a very fleeting and unsubstantial character. Among the assets are mules, cattle, stock of goods, store accounts, binder, buggy, drill and wagon; total value, $2,260. The store accounts alone amount to $400, and there is no evidence that they can be collected.

To my mind, it is perfectly evident that the defendant was practically insolvent when he executed the deed to his wife, and that he did not retain property *fully* sufficient and available within the meaning of the statute.

MR. JUSTICE WALKER concurs in this opinion.