IN RE WILL OF SUSAN McKAY.

(Filed 29 March, 1922.)

1. **Executors and Administrators—Wills—Devisavit Vel Non—Evidence—Admissions.**

Admissions of the executor are generally incompetent against the devisees, upon the issue of *devisavit vel non*, especially when those sought to be introduced were made in the lifetime of the testator' and necessarily before the relationship as executor has existed, or before he was acting in a representative capacity.

2. **Same—Joint Interests.**

The interest of an executor in the will of the deceased upon the issue of *devisavit vel non* is distinctive from that of the devisees under the will who have a joint interest, among themselves, and his declarations against their interests will not bind them, especially when those sought to be introduced in evidence were made in the lifetime of the testator.

3. **Evidence—Character—Civil Actions—Substantive Evidence—Wills—Devisavit Vel Non—Executors and Administrators.**

Upon the trial of a civil action the evidence as to the character of the parties who have taken the witness stand in their own behalf may ordinarily be received as affecting the credibility of their testimony, or may be corroborating and impeaching in its effect, but not as substantive evidence, and an instruction upon the trial of *devisavit vel non* that evidence as to the character of the witnesses, including the caveator, who had taken the witness stand, may be received as substantive evidence, is erroneous. The reason for the application of a different rule in actions for libel and slander, and in criminal actions, pointed out.

APPEAL by propounders from *Cranmer, J.,* at July Term, 1921, of LEE.

Issue of *devisavit vel non* raised by a caveat to the will of Susan McKay. Alleged mental incapacity and undue influence are the grounds upon which the caveat is based.

The jury returned the following verdict: "Is the paper-writing propounded, and every part and clause thereof, the last will and testament of Susan E. McKay? Answer: 'No.'"

Judgment on the verdict, from which the propounders appealed.

*Hoyle & Hoyle and Gavin & Jackson for propounders.*
*Baggett & Mordecai and A. A. F. Seawell for caveators.*

STACY, J. There are two fatal errors, appearing on the record, which entitle the propounders to a new trial or to a *venire de novo.*

John Yarborough, one of the caveators, was allowed to testify, over objection, to an alleged conversation which he had had with M. M. Draughan in regard to the mental capacity of the testatrix. This con-

versation is alleged to have taken place during the lifetime of the deceased, and was offered as an admission or declaration against interest— the said Draughan later having qualified as executor of the will, though not named as a beneficiary therein. Up to this time the executor, who was one of the propounders, had not gone upon the witness stand; and, in fact, he did not testify at all. We think the evidence was incompetent, and that its reception was hurtful and prejudicial.

As a general rule, statements or admissions of an executor, or administrator, are not competent or admissible as against the heirs or devisees. *Davis v. Gallagher,* 124 N. Y., 487; *Marshall v. Adams,* 11 Ill., 37. Especially would this rule be applicable when the alleged declarations, as here, were made prior to the beginning of the executorship. The executor could not, then, in a representative capacity, have been engaged in the performance of a duty, pertaining to the estate, so as to make his declarations pertinent and admissible as constituting a part of the *res gestæ. Church v. Howard,* 79 N. Y., 415. As against the beneficiaries under the will, this testimony would fall in the category of hearsay evidence. Furthermore, admissions are received on the principle that they are statements against the interest of the party making them; but, in the instant case, statements made by Draughan, during the lifetime of the testatrix, could not be binding as against those claiming under the will. *Jones v. Jones,* 21 N. H., 219; Jones on Evidence, vol. 2, sec. 253. True, the personal representative may propound and defend the will in common with others, including the legatees; but, in law, his interest is of a different character from theirs. The mere fact that several persons may have a common interest, as contradistinguished from a joint interest, in a given subject-matter, does not *ipso facto* render their admissions competent against each other. This is the modern rule, and it is approved by a number of decisions in this and other jurisdictions. *Daugherty v. Taylor,* 140 N. C., 446; *Belding v. Archer,* 131 N. C., 287; *Dean v. Ross,* 105 Cal., 227; *Eakle v. Clarke,* 30 Md., 322; *Hyman v. Wheeler,* 29 Fed., 347.

Again, with reference to the evidence of the good character of some of the witnesses, his Honor charged the jury as follows: "There has been, gentlemen of the jury, evidence tending to show the good character of witnesses who have testified, and if I recall correctly, as to the caveators, some of them at least, and I instruct you that this is substantive evidence, and will be so regarded by you in your consideration and deliberation." Propounders excepted.

This charge was erroneous. Ordinarily, in civil actions, evidence of the character of parties and witnesses is admissible only as affecting the credibility of their testimony. *Lumber Co. v. Atkinson,* 162 N. C., 301, and cases there cited. Such evidence may be corroborative or impeach-

ing in its effect; but, as a general rule, it is not to be considered by the jury as substantive proof. The rule may be otherwise in actions for libel and slander, seduction, and the like, where the character of one or more of the parties or principals is directly involved, but this is not one of those cases. For exceptions to the general rule, see *Norris v. Stewart,* 105 N. C., 455, and cases there cited.

In all criminal prosecutions, certainly those involving moral turpitude, the defendant may elect to put his character in issue, and thus produce evidence of his good reputation and standing in the community (*S. v. Hice,* 117 N. C., 782) ; but if this be not done, the State cannot offer evidence of his bad character unless and until he has been examined as a witness in his own behalf, and even then—the defendant not electing to put his character in issue—the impeaching testimony is permitted to affect only his credibility as a witness and not the question of his guilt or innocence. *Marcom v. Adams,* 122 N. C., 222; *S. v. Traylor,* 121 N. C., 674. Of course, in proper instances, in criminal cases, where the defendant chooses to put his character in issue, the pertinent evidence, pro and con, then becomes substantive proof, and may be considered by the jury as such. *S. v. Morse,* 171 N. C., 777; *S. v. Cloninger,* 149 N. C., 567.

For the errors, as indicated, there must be another trial, and it is so ordered.

New trial.