HERBERT SPILLMAN COOK, BY HIS NEXT FRIEND, F. W. COOK, v.
A. B. EDWARDS.

(Filed 28 May, 1930.)

**Evidence F c—Admission of father made before his appointment as next friend is not admissible against infant plaintiff.**

Where a father qualifies as next friend and brings action for his infant child to recover damages of the defendant for negligently running his automobile upon the child, evidence of the admissions of the father made before his appointment as next friend are not admissible against the infant plaintiff, and their admission over the objection of the plaintiff is reversible error.

CIVIL ACTION, before *Clement, J.*, at November Term, 1929, of ANSON.

The plaintiff, at the time of his injury, was an infant about three and one-half years old, and the father of said infant was duly appointed as next friend to prosecute an action for damages against the defendant.

The evidence tended to show that about 4:30 o'clock on the afternoon of 28 January, 1929, the plaintiff was run over and injured by an automobile owned and operated by the defendant. The injury occurred in the residential portion of the town of Lilesville. There was evidence tending to show that the defendant stated that as he was proceeding down the street he saw an approaching car and "I knew I had to hit the child or the car. I hit the child." The defendant denied making any such statement and offered evidence tending to show that the child jerked loose from some one who was holding his hand and suddenly ran into the side of defendant's automobile, and that the injuries received were not due to any negligence on the part of defendant, but solely to the sudden and unanticipated conduct of the child.

Issues of negligence and damages were submitted to the jury, and the jury answered the issue of negligence against the plaintiff.

From judgment upon the verdict plaintiff appealed.

*McLendon & Covington, O. M. Litaker and Walter Clark for plaintiff.
M. W. Nash for defendant.*

BROGDEN, J. The defendant was asked the following question on direct examination: (Q.) "What did Mr. Cook say to you with reference to this accident?" (A.) "He expressed regret that it happened, and I told him the reason I was in Lilesville, and he asked me not to let the accident have any effect on me moving to Lilesville and for me to come right on over; that he realized it was an unavoidable accident."

The foregoing evidence was admitted over the objection of plaintiff, and the ruling of the court is assigned as error.

W. C. Cook was the father of plaintiff and afterwards was appointed next friend to prosecute the suit for and in behalf of plaintiff. Therefore, the question of law presented is whether the admission of a parent before he is appointed next friend to prosecute an action for a minor child is admissible in evidence.

The general rule is thus expressed in 22 C. J., 353, section 408: "Admissions of a guardian *ad litem* or next friend are not competent to affect the interest of the person whom the declarant represents in the action." Our court has adopted the same view of the law, stated as follows, in *Coble v. Coble,* 82 N. C., 339: "The admission therefore of a guardian, or of an executor or administrator made before he was completely clothed with that trust, or of a *prochein ami* made before the commencement of the suit, cannot be received either against the ward or infant in the one case, or against himself as the representative of the heirs, devisees and creditors in the other." *Neff v. Cameron,* 18 A. L. R. (N. S.), 320; *Strother v. R. R.,* 123 N. C., 197, 31 S. E., 386; *Daugherty v. Taylor,* 140 N. C., 446, 53 S. E., 296; *Shuford v. Cook,* 169 N. C., 52, 85 S. E., 142, 1 R. C. L., 486, sec. 22.

Applying these established principles to the facts, it is apparent that the admission of the next friend of the infant plaintiff, made before his appointment, to the effect that the injury was the result of "unavoidable accident" was inadmissible and incompetent, and the objection to such admission is sustained.

New trial.