E. M. DODSON and wife, Louisa, v. N. J. FULK and W. E. NIXON, exrs. of BRYSON FULK.

(Filed 29 April, 1908).

1. **Executors and Administrators—Wills—Advancements.**

While the doctrine of advancements strictly arises in cases of intestacy, it is frequently necessary to construe equivalent terms expressed in a will.

2. **Same—Amount Specified in Will—Not Open to Contradiction.**

When the testator declares in his will that none of his children, who are beneficiaries thereunder, be required to account, except *feme* plaintiff, for a specified sum, it is not open to plaintiffs to show that as a matter of fact she had received from her testator more than that sum, or less, or that she, received nothing at all.

3. **Same—Disposition of Advancement—Issues—Immaterial.**

In an action by plaintiff and her husband to recover of her testator's executors her distributive share of his estate it was established by the verdict that *feme* plaintiff was required to account, under the will, for an advancement of $500; that plaintiffs were indebted to the executors in the sum of $868, evidenced by their bond and secured by mortgage on *feme* plaintiff's real estate: *Held*, (1) the bond for the payment of $868 secured by the mortgage raised the presumption that it was a debt in favor of the estate, and in the absence of evidence to the contrary the *feme*

plaintiff must pay it, at least to the value of property included in the mortgage; (2) that *feme* plaintiff must account for the $500 as required by the will; (3) that an issue found in favor of *feme* plaintiff that the $500 went into a business in which her husband was a partner is irrelevant to the inquiry.

ACTION tried before *Moore, J.,* and a jury, at August Term, 1907, of SURRY.

The action was brought by plaintiffs to recover the amount due *feme* plaintiff, Louisa Dodson, *nee* Fulk, as the distributive share of her father's estate, from defendants, who are his executors. Defendants, admitting their obligation to account and pay plaintiff the amount found to be due, answer and allege that at the time of the testator's death *feme* plaintiff was indebted to testator in the sum of $868 by the joint and several bonds of *feme* plaintiff and her husband, secured by deed of trust on real property of *feme* plaintiff, and no part of said debt had been paid except the interest to 26 August, 1902, and $5 paid 8 October, 1904. Defendants further answered and claimed that before any amount is paid *feme* plaintiff on her demand she shall be also required to account for the sum of $500, according to the direction of her father's will, which provides as follows:

"Fifth. That none of my children or grandchildren be required to account for anything that I have advanced to them, except that Louisa E. Dodson and E. M. Dodson or their children are or shall be required to account for $500, with interest from the date I advanced it at six per cent."

And defendants answer that the $500 mentioned in this item of the testator's will referred to $500 which had been advanced by testator to E. M. Dodson, coplaintiff, to be used in the business of which said E. M. Dodson was a member and for which the testator held the firm note of Dodson Bros.

*Feme* plaintiff replied, denying that she knew anything of this debt or that she was in any way responsible for same, and claiming that the $868 note embraced and included the advancement referred to in item 5 of the will.

Issues were submitted, and responded to by the jury, as follows:

"1. Is the indebtedness represented by the $500 note, dated 14 November, 1898, from Dodson Bros. to Bryson Fulk, the advancement for which the plaintiffs are required to account by the fifth item of the will of Bryson Fulk, deceased?" Answer: "Yes."

"2. In what sum are the plaintiffs indebted to the defendants as executors of Bryson Fulk, deceased?" Answer: "Eight hundred and sixty-eight dollars, with interest from 26 August, 1902, less $5 paid 7 October, 1904."

"3. What is the amount due and unpaid on the $500 note made by Dodson Bros. to Bryson Fulk?" Answer: "Five hundred dollars, with interest from 14 November, 1902."

There was judgment in favor of the estate to foreclose the mortgage securing the $868 note, and that plaintiff account to the estate for $500 before recovering her distributive share. Plaintiffs excepted and appealed.

*W. F. Carter* for plaintiffs.
*Watson, Buxton & Watson* for defendants.

HOKE, J., after stating the case: There are circumstances which permit the reception of parol testimony in matters concerning wills and the contents thereof, and especially in reference to the intent of the testator in the case of advancements. For while the doctrine of advancements strictly arises only in case of intestacy, it is frequently necessary to construe this or equivalent terms when used in the will itself. In our opinion, however, the facts of this appeal do not call for or permit any application of the principle referred to. In the fifth item of the will of Bryson Fulk, father of *feme* plaintiff, it is provided as follows:

"Fifth. That none of my children or grandchildren be required to account for anything that I have advanced to them, except that Louisa E. Dodson and E. M. Dodson or their

children are or shall be required to account for $500, with interest from the date I advanced it at six per cent."

Here is an express declaration on the part of the testator that before the *feme* plaintiff is permitted to share in the distribution of his estate she shall account for $500 and interest, and it is not open to plaintiffs to show that as a matter of fact she received more than that sum or less, or that she received nothing at all.    Gardner on Wills, p. 573; *Blacknall v. Wyche,* 23 N. C., 94; *In re Goblies' will,* 10 N. Y. Supp., 18; *Estate Jacob Eichelberger, deceased,* 135 Pa. St., 160; *Callendar v. Woodard,* 52 S. W., 756.

The plaintiff, then, is required to account for $500 as directed by the will, and there is no evidence whatever that the $500 referred to is included in the $868 bond held by the testator against *feme* plaintiff and her husband.    Being in the form of a bond for payment of money and secured by a deed of trust on *feme* plaintiff's land, the presumption is that it is a debt and to be dealt with as such (1 A. & E., 778), and the testimony all tends to uphold the presumption.    There seems to have been a dispute between the parties as to whether the $500 mentioned in item 5 of the will referred to that amount of money which the testator had at some time advanced to the firm of Dodson Bros., of which plaintiff E. M. Dodson was a member, and an issue was submitted to determine the matter, the verdict therein being for defendant; but neither the issue itself nor the ruling of the court in deciding it is relevant to the inquiry.    The *feme* plaintiff must pay the debt of $868, at least to the value of the property included in the deed of trust, because to that extent she is legally bound for it.    And she must account for the $500 because the will requires her to do it; and it is not relevant to any question involved in this suit whether the $500 went into the firm of Dodson Bros. or not.

There is no error to plaintiffs' prejudice, and the judgment of the court below is

Affirmed.