P. W. GARLAND, TRUSTEE v. L. C. ARROWOOD ET AL.

(Filed 5 May, 1920.)

**Bankruptcy—Betterments—Measure of Damages—Statutes.**

> The trustee of one who has been adjudged a bankrupt and has theretofore paid money for improvements put upon the lands of another with his consent, in fraud of the rights of his creditors, may recover as for betterments, the value of the improvements to the land, but not a greater amount so expended, Rev. sec. 655, which will be a lien upon the lands; and a judgment that if it be not paid at a certain date the land be sold for cash, after due advertisement, by a commissioner appointed by the court, is correctly entered.

APPEAL by plaintiff and defendants from *Shaw, J.,* at December Term, 1919, of GASTON.

This is an action by the trustee in bankruptcy of Luther C. Arrowood to subject certain lands to a charge for money alleged to have been wrongfully invested by the bankrupt in building a barn and dwelling-house, and in making other improvements thereon, with the consent of the owner, William C. Arrowood, in fraud of the creditors of the bankrupt.

This case was before the Court at Fall Term, 1916, 172 N. C., 591, upon the statute of limitations; at Fall Term, 1917, 174 N. C., 657, upon the competency of evidence; and again at Spring Term, 1919, upon the action of the lower court in setting aside the verdict on the second issue on which the jury found that Luther C. Arrowood was insolvent at the time of making said improvements. A new trial was awarded by this Court in each of said appeals for errors in the rulings of the lower court upon the questions above stated.

Upon the last appeal the new trial was restricted to the second issue only. On the last trial, which is now brought up for review by this appeal, the issue submitted was, "Did the defendant, Luther C. Arro-

wood, at the time he invested his individual funds in improvements on the land of William Arrowood, known as the 'home place,' retain property fully sufficient and available for the satisfaction of his then creditors?"   The jury responded that he did not.   Upon this issue, and upon the issues found in the previous trial, 177 N. C., 371, his Honor entered judgment that the defendant had invested his own money in improvements on the land of his father, described in the complaint, to the amount of $1,400, and that the said investment had enhanced the value of the said land in the sum of $1,100, and rendered judgment in favor of the plaintiff in that sum from the first day of the term, said recovery to be administered by the trustee in bankruptcy in accordance with the rights of the parties entitled to share in said fund, the said amount to be a charge upon said real estate, and if not paid by February, 1920, the land should be sold for cash, after due advertisement, by the commissioner appointed by the court for that purpose.   From this judgment both parties appealed.

*Mangum & Woltz and S. J. Durham for plaintiff.*
*Osborne, Cocke & Robinson, Carpenter & Carpenter, and Arthur C. Jones for defendants.*

PER CURIAM.   The plaintiff appeals from the refusal of the court to enter judgment for $1,400, the sum which the jury found the bankrupt had invested in the improvement of his father's land.   In *Michael v. Moore*, 157 N. C., 462, where the husband had invested funds in the improvements of his wife's land, the Court did not expressly pass upon the point, but by analogy to the charge allowed for betterments, Rev., 655, we think that the land should be subjected to a lien for the increased value added to it, and no further.   It may be that if the bankrupt was solvent, there should be judgment against him personally for the $1,400, with interest from date of the wrongful and fraudulent subtraction of that sum from his assets.   But that point is not presented.

As to the questions raised upon the defendant's appeal, we think that in view of the full discussion on the three previous appeals, and on the trial below in this case, as to the allegations of fact upon which the defendants' exceptions are based, no further discussion is necessary.

As to both appeals we find

No error.