WINCHESTER-SIMMONS COMPANY v. L. H. CUTLER, SR., ET AL.

(Filed 9 May, 1928.)

**Receivers—Title to and Possession to Property—Property Bequeathed to Insolvent.**

A bequest of ten thousand dollars in certain bonds to a man and his wife by entireties, when the man is indebted to the estate, which has not yet been settled, may not be anticipated upon the facts found by the trial court, and ordered to be turned over to a receiver, until a final accounting. But the judgment will stand, subject to the final accounting upon requiring the husband to give a five thousand dollar bond of indemnity, sufficient in form and approved by the clerk of the court.

APPEAL from judgment rendered by *Harris, J.,* at February Term, 1928, of CRAVEN.

*Ernest M. Green for plaintiff.*
*Whitehurst & Barden and Ward & Ward for defendant.*

BROGDEN, J. The main question in this case, in its present aspect, is, what amount is L. H. Cutler entitled to, in his own right, in the legacy of $5,000 bequeathed to him by the will of Sarah E. Wadsworth? When such amount is ascertained it must be paid to the receiver heretofore appointed in the cause. The former judgment ordered the defendant to turn over to the receiver $5,000 of said bonds. The present judgment orders him to turn over to L. E. Lancaster, as trustee, the sum of $4,000 of said bonds. Obviously, these two conflicting orders cannot stand. It appears that the defendant has hypothecated certain bonds aggregating $4,000. He contends that these bonds are to be charged against his interest in the legacy. It is clear that Mr. and Mrs. Cutler are each entitled to $5,000 of said bonds, subject of course to the payment of the indebtedness of the estate of Sarah E. Wadsworth, costs, taxes and charges of administration properly assessed against the interest of each legatee. In order to determine the amount of said legacy coming to L. H. Cutler in his own right, an accounting is necessary for the reason that before the amount due him in his own right can be ascertained it must be determined whether or not the bonds hypothecated are properly chargeable against his individual interest in said legacy.

The record discloses that on 23 August, 1927, Cutler gave a stay bond in the sum of $5,000. We assume that this bond is in force and in proper form to protect the creditors of said defendant pending the final accounting and settlement of said estate. If such bond is not in force or

not in proper form for such purpose, the defendant has leave to give such bond in the sum of $5,000 to be approved by the clerk and to hold the property until his final account as executor has been filed and approved as provided by law.

Modified and affirmed.