The material allegations of the complaint:
(1) The plaintiffs allege that on 7 December, 1908, John McKenzie and Lydia McKenzie, his wife, made, executed and delivered, to Chas. A. Jones and the defendant, R. B. Phillips, a deed to three certain tracts of land, describing same, in Moore County, which deed was duly recorded in the office of the register of deeds for said county, on 8 January, 1909. That by the said deed R. B. Phillips became the owner of one-half undivided interest in said land.
(2) On 30 April, 1911, R. B. Phillips filed a voluntary petition in bankruptcy in the United States District Court for Eastern District of *Page 666 
North Carolina, and was duly adjudged a bankrupt about 1 May, 1911. That D. A. McDonald, about 31 May, 1911, in pursuance of the provisions of the bankrupt act was duly elected trustee, qualified and took possession and charge of the estate of R. B. Phillips.
(3) That on 17 June, 1911, the undivided one-half interest in the before mentioned three tracts of land under the provisions of the bankrupt act was allotted to R. B. Phillips as his homestead.
(4) That about 1 April, 1912, the said trustees in bankruptcy purported after due advertisement to offer and sell the alleged reversionary interest in the homestead of R. B. Phillips, subject to the homestead interest therein in and to the three tracts of land before mentioned. R. L. Burns became the last and highest bidder for the purported interest at the price of $251, and purported to assign and transfer his bid to Maggie Phillips, defendant, wife of R. B. Phillips. A purported deed, dated 11 April, 1912, was made to her by D. A. McDonald, trustee aforesaid, for the reversionary interest in said land.
(5) That on 15 January, 1913, R. B. Phillips and wife, Maggie Phillips, defendants in this action, brought a special proceeding against Chas. A. Jones, to partition said lands, alleging that R. B. Phillips at said time was the owner of a life estate and Maggie Phillips the reversionary interest in one-half of said land at his death, and the said Chas. A. Jones the other half interest. Commissioners were duly appointed and the land partitioned and the land allotted to the respective parties. Lot No. one, was allotted and assigned to R. B. Phillips and Maggie Phillips, describing same by metes and bounds.
(6) That on 24 January, 1918, the plaintiffs in this action brought an action against the defendant, R. B. Phillips, in the Superior Court of Moore County, and recovered judgment for $1,239.75 and costs, with interest on $328.46 from 10 January, 1917. Interest on $500 from 26 June, 1917, interest on $411.29 from 23 January, 1918. The judgment was rendered 11 February 1918, and docketed on judgment docket of said county 19 February, 1918. That most of the indebtedness of the said R. B. Phillips was contracted long before 10 January, 1917.
(7) The plaintiffs allege that the purported sale and deed from D. A. McDonald, trustee, to Maggie Phillips, the defendant, was illegal and void. R. B. Phillips was and is now the owner and the lien of plaintiffs' judgment creditors attached. That the $251, the price of the bid for the land was furnished by and was money of R. B. Phillips, the said Maggie Phillips being wholly insolvent, and the land was bid in by R. B. Phillips' attorney at his instance. That the "said purported sale and said purported purchase and the acquisition by the defendant, Maggie Phillips, of said purported deed, was brought about by the said defendants, *Page 667 
and each of them, with the intent and the purpose of defrauding the creditors of the said R. B. Phillips, including the plaintiffs."
(8) The allegation is made in the partition proceedings, with like intent, the said Phillipses received more than a half interest and more than they were entitled to have allotted to them, and that R. B. Phillips paid to Chas. A. Jones the extra consideration. That for the reasons stated, R. B. Phillips is the real owner of the land and plaintiffs' judgment against R. B. Phillips is a lien on the land.
(9) That since the execution and delivery of the purported deed aforesaid, from D. A. McDonald, trustee in bankruptcy of R. B. Phillips, to Maggie Phillips, the defendant, R. B. Phillips, while the indebtedness to plaintiff from R. B. Phillips herein alleged subsisted, has furnished large sums of money from time to time and made many and very valuable improvements upon said tract of land, described as Lot No. 1 in said partition proceeding, and has made said improvements and made contributions from his own funds thereto for the purpose of cheating and defrauding his creditors of the money invested upon said land, including the plaintiffs, and the defendant, Maggie Phillips, has participated knowingly in said fraud, as the plaintiffs are informed and believe, and so allege (while the indebtedness to plaintiffs from R. B. Phillips herein alleged subsisted) — added by amendment.
(10) That the land allotted to R. B. Phillips, as his homestead, has greatly enhanced and increased in value and is now worth several thousand dollars and much more than the homestead interest to which the said R. B. Phillips is entitled therein under the laws and Constitution of the State, and has, furthermore, been enhanced in value greatly, by reason of improvements placed thereon by the said defendant, R. B. Phillips, from his own funds since the allotment of said homestead to the said R. B. Phillips, and the plaintiffs are entitled, in equity, to a reallotment of the said homestead to the said R. B. Phillips, to the end that the excess in the value of said lands over and above the homestead of the said R. B. Phillips may be sold under the course and practice of the court to satisfy and discharge the indebtedness due to the plaintiffs upon the judgment of the plaintiffs aforesaid set forth, as the plaintiffs are advised, informed and believe, and so allege.
Plaintiffs allege on account of the fraud, as before set forth, the purported deed to Maggie Phillips is fraudulent and void as to the plaintiffs, and ask it be set aside and declared void and decreeing the judgment of plaintiffs the first lien on the land and decreeing that the said lands in excess of the constitutional homestead of defendant, R. B. Phillips, be sold to pay their judgment. That the land of R. B. Phillips be reappraised and his homestead reallotted and the excess be sold and *Page 668 
applied on plaintiffs' judgment. The defendant, R. B. Phillips, died and, on motion duly made by plaintiffs, on 17 November, 1925, the children and heirs at law of R. B. Phillips were made parties defendants and duly served with summons. Thereafter, at September Term, 1926, a guardian ad litem was appointed for infant defendants and the guardian ad litem and the administrator of R. B. Phillips were made parties. Amended complaint and answer were filed, and the only material change is plaintiffs' allegation that on the death of R. B. Phillips the homestead terminated and ceased, this is denied by defendants.
The defendants demurred ore tenus to the plaintiffs' complaint, as not stating a cause of action specifically:
"1. For that it does not appear that plaintiffs' debt was outstanding at the time of the various acts of fraud alleged or that plaintiffs would be entitled to any relief with respect thereto, and any fraud complained of is not sufficiently alleged.
"2. For that it appears from the complaint that all the title and rights of the defendant debtor, R. B. Phillips, in the property sought to be subjected, except as to the homestead itself, have been extinguished: (1) by the deed of the trustee in bankruptcy; and (2) by the partition proceeding set up in the complaint before plaintiffs' debt was in existence, and does not affirmatively appear that plaintiffs' debt or judgment existed prior thereto. At the close of the argument, plaintiffs requested permission to amend paragraph of the complaint, by inserting the following: `While the indebtedness to plaintiffs from R. B. Phillips herein alleged subsisted,' and announced that they would not amend in any further respect."
"Thereupon, defendants renewed their motion and specifically pointed out as a ground for the demurrer as to the sufficiency of amended paragraph and the rest of the complaint that, as amended, it does not state a cause of action and is insufficient for that it states only conclusions of law with reference to the fraud alleged to have been perpetrated and does not state facts or conclusions of facts as required by the practice of the court and the statutes as to pleading, and specifically does not allege the insolvency of the defendant, Phillips, and that he did not retain sufficient property to pay his debts, or other facts from which fraud could be found."
The court below rendered the following judgment: "This cause coming on and being called for trial and being heard upon the motion of the defendants, through their counsel, who demurred ore tenus to the complaint as not stating a cause of action and moved to dismiss the action for said reason and for specific objections thereto fully set out in the oral argument; after hearing argument upon said demurrer and motion, the court is of opinion that the said demurrer of the defendants *Page 669 
should be sustained; and it is hereby sustained and the motion to dismiss allowed for said cause, and it is ordered that the plaintiffs pay the costs of this action to be taxed by the clerk, and that the defendants recover of the plaintiffs and their surety on their prosecution bond their costs of this action to be taxed by the clerk of the court."
The following questions presented in brief of defendants, appellees, we think, from the record, cover practically the present controversy for our determination:
"1. Is the sale of the reversionary interest in the homestead of a bankrupt upon orders of the bankrupt court void, so that a creditor of the bankrupt whose debt arose several years after the sale and conveyance of such reversion may still treat the property as being the homestead of the bankrupt and subject to levy?
"2. In this case, plaintiffs seek to set aside the deed of a trustee in bankruptcy as being a fraud on creditors; but it appears from the complaint that plaintiffs' debt arose long after such conveyance. Have plaintiffs any cause of action based on fraud in such conveyance?
"3. Where a creditor attempts to follow the investment of a debtor (husband) in his wife's property upon the grounds of fraud, is an averment in the complaint sufficient, which merely states that the investment was fraudulent, without stating facts or particulars constituting the fraud, and especially without stating that the debtor was at the time of such investment insolvent and did not retain property fully sufficient and available to pay his debts then existing?"
The first interesting question: See Williams v. Scott, 122 N.C. p. 545
and cases cited; Joyner v. Sugg, 131 N.C. p. 324; Watters v. Hedgepeth, 172 N.C. at p. 314; Hartman v. Flynn, 189 N.C. p. 452. The record discloses that on 15 January, 1913, R. B. Phillips and wife, Maggie Phillips, brought an action against Chas. A. Jones to partition the lands which were originally deeded to Chas. A. Jones and R. B. Phillips, as tenants in common, each owning an undivided one-half interest. The Phillipses alleged in the partition proceeding that at the time R. B.Phillips was the owner of a life estate and Maggie Phillips thereversionary interest in one-half of said land. Commissioners were duly appointed and the land actually partitioned by metes and bounds and one-half allotted to R. B. Phillips and Maggie Phillips, in accordance with the petition. It must be conceded that all of the parties, who were suijuris, are bound by the final decree rendered upon the merits, without *Page 670 
fraud or collusion in the partition proceeding and the same is conclusive on the rights of the parties or their privies.
In 20 R. C. L., part sec. 57, p. 785, it is stated thus: "It is a well affirmed principle of law that a judgment or decree in a partition suit, when the court has jurisdiction over the parties and the subject-matter, is as conclusive between the parties upon all the material issues in the case which the court was called upon to examine, and which, under the pleadings, were tried and determined, as are judgments in other actions; but rights of defendants, as between themselves, which were not brought to the attention of the court are not concluded." See Walker v. Walker, 185 N.C. 380; Cookv. Sink, 190 N.C. 620; Randolph v. Edwards, 191 N.C. 334; Garris v.Tripp, 192 N.C. 211; Valentine v. Granite Corp., 193 N.C. 578. Ordinarily, when there is a partition of realty, by deed or action, between tenants in common, it only severs the unity of possession and conveys no title. Here the parties changed the title and created a new one, at least consented and agreed to a new title.
By the solemn allegations of the petition and decree taken in connection therewith, R. B. Phillips had a homestead life estate and Maggie Phillips the reversionary interest in the land in controversy. Conceding, but not deciding, that the sale of the reversionary interest to Maggie Phillips conveyed no title — then her husband owned it and in the petition in the partition proceeding, which he and she join in, it was expressly alleged that he owned a life estate and she the reversionary interest. It was allotted to them in accordance with the petition. The petition was a solemn admission of her ownership of the reversionary interest. He recognized her right and if the deed to her was inoperative, he had a right to recognize and agree that it was operative and give this reversionary interest to her, provided, in accordance with C. S., 1007: "If property, atthe time of making such gift or settlement fully sufficient and availablefor the satisfaction of his then creditors be retained by such donor orsettler," and there is no actual intent to defraud. There is no allegation that he had creditors at the time. The law presumes a gift to the wife.Carter v. Oxendine, 193 N.C. 478; Bank v. Crowder, 194 N.C. 312.
The second question: we do not think plaintiffs can sustain. The partition proceeding was instituted 15 January, 1913. Years afterwards, on 24 January, 1918, plaintiffs instituted an action against R. B. Phillips and recovered a judgment duly docketed for $1,239.75, for debts contracted, most of them long before 10 January, 1917. There is no allegation that these debts were contracted before the partition in 1913, when, as we construe the facts of record, R. B. Phillips had a homestead life estate in the land and Maggie Phillips a reversionary interest in fee actually allotted to them. *Page 671 
The controlling principle is stated in Aman v. Walker, 165 N.C. 224,227, 81 S.E. 162, as follows: "If the conveyance is voluntary, and the grantor did not retain property fully sufficient and available to pay his debts then existing, it is invalid as to creditors; but it cannot be impeached by subsequent creditors without proof of the existence of a debt at the time of its execution, which is unpaid, and when this is established and the conveyance avoided, subsequent creditors are let in and the property is subjected to the payment of creditors generally." Sutton v.Wells, 177 N.C. 524, 527, 99 S.E. 365; Tire Co. v. Lester, 190 N.C. 411.
The third question: we do not think plaintiffs can sustain. The plaintiffs were allowed to amend their complaint by adding "While the indebtedness to plaintiffs from R. B. Phillips herein alleged subsisted." R. B. Phillips had a homestead exemption in the land and Maggie Phillips the reversionary interest in fee, according to the partition decree. The plaintiffs' allegations are to the effect that while R. B. Phillips was indebted to the plaintiffs, he increased the value of his homestead exemptions by taking large sums of money that he should have paid the plaintiffs, his creditors, and made many and valuable improvements on his homestead tract. It is an old saying founded on good morals, that a man must be just before he is generous. He must pay his debts first. In good conscience he should not be allowed to materially enhance the value of his homestead at the expense of his creditors, and especially would this be so as in the present case, the reversionary interest goes to another than the creditors at his death. This is an equitable and just principle.
In the case of Michael v. Moore, 157 N.C. at p. 465, citing numerous authorities, it was said: "We entertain no doubt as to the plaintiffs' right to follow the fund invested by his debtor in improvements upon his wife's land. No principle is better settled by our decisions than the one that an insolvent debtor cannot withdraw money from his own estate and give it to another to be invested by him in the purchase or improvement of his property, and when it is done, creditors may subject the property so purchased or improved to the payment of their claims." In the above case, the facts show: "At the time of the transaction the defendant J. O. Moore was insolvent. After plaintiff had exhausted his legal remedies by execution and supplemental proceedings, he instituted this proceeding for equitable relief."
In Garland v. Arrowood, 177 N.C. at p. 374, it is said: "The jury have found that there was no actual intent to defraud or, in other words, nomala mens, but if the defendant, the donor of the gift, failed to retain property fully sufficient and available for the satisfaction of his then creditors, the gift was void in law, without regard to the intent *Page 672 
with which it was made. Black v. Saunders, 46 N.C. 67; Aman v. Walker,165 N.C. 224; Michael v. Moore, 157 N.C. 462. The burden of at least going forward with proof of such retention of property is upon the defendant, where, as found in this case by the jury, there is a voluntary gift or settlement. Brown v. Mitchell, 102 N.C. 347, 369; Tredwell v.Graham, 88 N.C. 208; Cook v. Guirkin, 119 N.C. 13; Aman v. Walker,supra."
In Garland v. Arrowood, 179 N.C. 697, the issue submitted was: "Did the defendant, Luther C. Arrowood, at the time he invested his individual funds in the improvements on the land of William Arrowood, known as the `home place,' retain property fully sufficient and available for the satisfaction of his then creditors? The jury responded that he did not." In the opinion it is said: "We think that the land should be subjected to a lien for the increased value added to it, and no further."
C. S., 1007, is as follows: "No voluntary gift or settlement of property by one indebted shall be deemed or taken to be void in law, as to creditors of the donor or settler prior to such gift or settlement, by reason merely of such indebtedness, if property, at the time of making such gift or settlement, fully sufficient and available for the satisfaction of his then creditors, be retained by such donor or settler; but the indebtedness of the donor or settler at such time shall be held and taken, as well with respect to creditors prior as creditors subsequent to such gift or settlement, to be evidence only from which an intent to delay, hinder or defraud creditors may be inferred; and in any trial shall, as such, be submitted by the court to the jury, with such observations as may be right and proper."
In the Aman case, supra, at p. 227, it is held: "If the conveyance is voluntary, and the grantor retains property fully sufficient and available to pay his debts then existing, and there is no actual intent to defraud, the conveyance is valid." The allegations show a voluntary gift or settlement of property (many and very valuable improvements) by R. B. Phillips, while indebted to plaintiffs, on his homestead, the reversionary interest being owned by Maggie Phillips. This, under the statute, is not to be deemed or taken to be void in law by reason merely of such indebtedness, if property at the time of making such gift or settlement, fully sufficient and available for the satisfaction of his then creditors, be retained by such settler, and there is no actual intent to defraud. "This is made a condition precedent in order to bring a case within the operation of the act." Black v. Sanders, 46 N.C. at p. 69.
The defendants demur on the ground that the complaint "does not allege the insolvency of the defendant, Phillips, and that he did not retain sufficient property to pay his debts." We think the complaint to be good should have alleged that at the time of making such gift or *Page 673 
settlement property fully sufficient and available for the satisfaction of his then creditors was not retained. This was a material ingredient of the cause of action and should have been alleged. When fraud is sufficiently pleaded, see Colt v. Kimball, 190 N.C. p. 171.
The other matters we need not now consider. For the reasons given, the judgment of the court below is
Affirmed.