This cause has been considered by this Court upon two former appeals, reported in 194 N.C. 698, and 195 N.C. 612, in which the facts are set out. *Page 332 
After the last appeal L. H. Cutler and E. W. Wadsworth, executors of the estate of Sarah E. Wadsworth, filed an account of said estate, covering a period from 1 December, 1927, to 5 June, 1928. Exceptions were filed to the account by the receiver and the judgment creditor. The clerk of the Superior Court heard the exceptions and rendered a judgment. The defendant Cutler filed exceptions to the judgment rendered by the clerk and appealed to the trial judge. The cause was heard by Daniels, J., at the May Term, 1929, of Craven Superior Court, and the following judgment rendered:
"This cause coming on to be heard and being heard by his Honor, F. A. Daniels, Judge, on exceptions and appeal from an order of L. E. Lancaster, clerk, made 26 January, 1929, and the court being of the opinion that the order of the clerk, heretofore mentioned, should be overruled, as more fully in detail hereinafter set out, for that the court finds from the evidence and admission in open court the following facts:
1. That the $2,000 in North Carolina bonds which were withdrawn by L. H. Cutler prior to the institution of the supplemental proceedings on behalf of Winchester-Simmons Company, were withdrawn without notice of said supplemental proceedings and that at the time of said withdrawal the same were charged by L. H. Cutler, executor, to L. H. Cutler, legatee, on the books kept by the executor. That the money was largely, if not all, used to repair and prepare a home for L. H. Cutler and wife, Laura D. Cutler, suitable for habitation to their condition and station in life, on the property of Laura Cutler. Such taking of the bonds by L. H. Cutler being without the knowledge of his coexecutor previously obtained and without any order of court.
2. The court further finds as a fact that such withdrawal and use was not an advancement to Laura D. Cutler or any portion of the bequest to her and is not chargeable to her. And in this connection it is found that the knowledge of Wadsworth, coexecutor, as to such withdrawal, is immaterial and that said Wadsworth had expressly authorized, directed and requested the said Cutler, executor, to take charge of the active handling of the estate of Sarah E. Wadsworth.
3. The court finds as a fact that the warranty of L. H. Cutler in the conveyance to Roberts and Watkins, trustee, is in the following language, to wit:
And the said L. H. Cutler for himself and his heirs and administrators, covenants to and with the said party of the second part, his heirs and assigns, that he is seized of said premises in fee simple and has a good right to convey the same, and that the same is free and clear of all encumbrances, except a certain mortgage now held by Miss Mollie Heath, for the sum of $2,000 upon that portion of the lands above described, being on the north side of Pollock Street, adjoining the lot now *Page 333 
occupied by L. H. Cutler, and that he doth warrant and defend the title to the same against the lawful claims of all persons."
4. The court finds that the note secured by the Heath mortgage was due to the estate of Sarah E. Wadsworth and that L. H. Cutler, one of the beneficiaries of Sarah E. Wadsworth, was the maker of said note and liable to the estate therefor. That said L. H. Cutler was also coexecutor of the estate of Sarah E. Wadsworth; that as such executor it was his duty, both morally and legally, to pay the said note to the estate out of any funds due the maker (beneficiary and executor) or otherwise, of the estate and it is found as a fact that the estate has a prior claim to any funds due said Cutler to the extent of said note secured by the Heath mortgage. This original note and mortgage are exhibited to the court at time this judgment is signed.
5. The court finds as a fact that said lot on Pollock Street was sold free of debt for the sum of $6,300, and that it was offered for sale on the understanding that the Heath mortgage would be paid by funds other than those derived from sale under the deed of trust.
7. The court finds as a fact that said note of L. H. Cutler for $2,000 secured by the Heath mortgage is a debt of L. H. Cutler due to the estate of Sarah E. Wadsworth; that the same was reported as such debt upon the initial inventory of the estate, and has never been paid; that the same is a proper deduction of any portion of the legacies or bequests made to the said L. H. Cutler under the will of Sarah E. Wadsworth.
8. That the court finds as a fact that the legacy of $5,000 in North Carolina bonds to Laura D. Cutler was in accordance with the order of L. E. Lancaster, clerk, said order being dated 1 March, 1928, paid over and delivered to said Laura D. Cutler.
9. It is further found as a fact that the $5,000 in bonds bequeathed to L. H. Cutler have been applied as a credit, first on the $2,000 in North Carolina bonds, withdrawn by the said Cutler and used as set out in findings 1 and 2 herein, and second, applied on the inheritance tax paid on the legacy to the said Cutler, and third on the debt of $2,000 due by the said Cutler to the estate of Sarah E. Wadsworth.
10. The court finds as a fact that the amount payable to the residuary legatee is impossible of determination until the final determination by the clerk of the other matters in controversy in accordance with the terms of this order.
11. The court finds as a fact that the item of $30.80 was expended as court cost by the executors in seeking an interpretation of the terms of the will of Sarah E. Wadsworth and that such act on their part was within their rights and in accordance with their duty and a proper charge against the Wadsworth estate. *Page 334 
12. It is further found as a fact that Laura D. Cutler is not a party to or before this court in these proceedings, and that the legacy of $5,000 in North Carolina bonds has been delivered to the said Laura D. Cutler, such payment being in accordance with the order of Lancaster, clerk, dated 1 March, 1928.
13. The court finds as a fact that the trustees under the conveyance of Cutler to Watkins and Roberts did, prior to any knowledge that he, Roberts, had of the institution of the supplemental proceedings by Winchester-Simmons Company, demand of the said executors that the prior mortgage on the Pollock Street lot be paid out of funds in the hands of the executors due L. H. Cutler from the Wadsworth estate in order to exonerate the conveyance to said trustees and the debt secured thereby.
14. That the property securing the debts in the deed of trust of Cutler to Watkins and Roberts, trustee, was insufficient to pay the debts secured, by a considerable margin.
It is thereupon considered, ordered and adjudged by the court that except as to matters hereinafter specifically affirmed, the order of L. E. Lancaster, clerk, dated 26 January, 1929, be and the same is hereby overruled and this cause is remanded to the clerk of the Superior Court with instructions to receive and audit the account of Cutler and Wadsworth, executors, which said account shall show and said executors are hereby directed to file an account showing that the $5,000 in North Carolina bonds and all other legacies other than the legacy to L. H. Cutler, Sr., and to the residuary legatee, have been paid as shown by the evidence. That of the legacy to L. H. Cutler, $2,000 in bonds that was withdrawn and used prior to the institution of the supplemental proceedings be charged against the legacy so made to said Cutler.
That the amount of the Health mortgage securing note of L. H. Cutler held by the Wadsworth estate be paid out of said legacy to L. H. Cutler; and further, that the amount of inheritance tax paid on the bequests and legacy to L. H. Cutler under the will of Sarah E. Wadsworth be charged against the said $5,000 in bonds bequeathed to the said Cutler. That from the remainder there shall be deducted the personal property exemption belonging to the said Cutler as allowed him by the Constitution or statute of North Carolina, and that the remainder, if any, in the hands of the said executors, of such bequests to L. H. Cutler, be paid over and delivered to H. P. Whitehurst, receiver, to be by him applied in accordance with the order of his appointment as such receiver and supplemental orders amending the same.
It is further considered, ordered and adjudged that the $30.80 expended in court cost by the executors in seeking an interpretation of the will of Sarah E. Wadsworth be and the same is hereby allowed as a proper charge against the estate as reported by the executors. *Page 335 
It is also considered, ordered and adjudged that the clerk of this court shall, in accordance with the statute, make such allowance to the executors for the handling of said estate as shall in his judgment be proper and that subject to any amounts due the estate by the said L. H. Cutler, said commission so allowed to L. H. Cutler, to wit, one-half, shall be paid over into the hands of H. P. whitehurst, receiver, to be by him applied in accordance with the terms of his appointment.
And this cause is hereby retained for the purpose of carrying into effect the provisions of this order and such further proceedings as are consistent therewith, including the right of the executors to file such amended account as they may be required to file by the clerk of the court, in order to show in detail the receipts and expenditures as well as the payments to beneficiaries of said estate.
This order is signed out of term, and out of the county in accordance with stipulation made by counsel at the time of the hearing of this cause before the undersigned at the May Term, Craven Superior Court."
From the foregoing judgment plaintiffs appealed.
There are certain additional facts which are perhaps necessary to an understanding of the controversy between the parties, which may be briefly stated as follows:
In September, 1922, the defendant, L. H. Cutler, and his wife, Laura D. Cutler, executed and delivered a deed of trust or assignment to J. C. Watkins and D. M. Roberts, in which said conveyance the defendant Cutler conveyed all of his property to said trustees, authorizing, empowering, and directing them to sell all of said property and from the proceeds thereof pay certain indebtedness of defendant Cutler, aggregating approximately $95,000 and fully specified in said deed of trust. This instrument was filed for registration on 16 October, 1922.
Subsequently, on 21 September, 1925, the plaintiff, Winchester-Simmons Company, recovered a judgment against the defendant Cutler for $12,842.08 with interest from 19 July, 1923.
Sarah Wadsworth died in October, 1926, leaving a last will and testament and appointing the defendant L. H. Cutler, and E. W. Wadsworth, executors of said will. Said will bequeathed a legacy of $5,000 in North Carolina bonds to the defendant Cutler. In January, 1927, Cutler took $2,000 of said bonds and secured a loan on them and used a portion of the proceeds thereof for the repair and improvement of the home of himself and wife. The title to the property was in the name of the wife. Thereafter, in July, 1927, the plaintiff instituted supplemental proceedings before the clerk of the court to subject the bonds owned by Cutler to the payment of the judgment.
The record presents two questions of law.
1. If an insolvent legatee receives and applies a portion of the legacy to make improvements upon the land of his wife, can a judgment creditor of such legatee recover from the wife, and if so, what amount?
2. Can such legatee, who is also a coexecutor of the testatrix bequeathing the legacy, deduct from his legacy and pay the amount due the estate of his testatrix by him, and thus exclude a judgment creditor from such amount?
The defendant Cutler, under previous decision of this Court, was entitled to a legacy of $5,000 in North Carolina bonds from the estate of Sarah E. Wadsworth by virtue of the terms of her will, in which the defendant and another were named as executors thereof. As such coexecutor the defendant took active charge and management of the estate with the consent and approval of the other executor.
After the plaintiff had secured a judgment against him, but before the supplementary proceedings had been instituted, the defendant took a portion of his said legacy and made improvements and repairs upon the property of his wife, Laura D. Cutler. The principle of law applicable is thus stated in Michael v. Moore, 157 N.C. 462, 73 S.E. 104: "We entertain no doubt as to the plaintiff's right to follow the fund invested by his debtor in improvements upon his wife's land. No principle is better settled by our decisions than the one that an insolvent debtor cannot withdraw money from his own estate and give it to another to be invested by him in the purchase or improvement of his property, and when it is done, creditors may subject the property so purchased or improved to the payment of their claims." However, the lien of the creditor, in such event, is confined to the enhanced value of the land by reason of the expenditure rather than to the amount spent in making improvements. Garland v. Arrowood, 177 N.C. 371,99 S.E. 100; Garland v. Arrowood, 179 N.C. 697, 103 S.E. 2; Wallacev. Phillips, 195 N.C. 665. It necessarily follows that the legacy of Laura D. Cutler is not chargeable with the amount of such repairs and improvements, upon the theory of advancements. It is also clear that such amounts as the defendant spent for ordinary living expenses in the support of himself or his family prior to the supplemental proceedings is not recoverable by the creditor upon the facts disclosed in the record.
The second question of law involves the right of the defendant as executor of the estate of Sarah Wadsworth to retain from his legacy an amount sufficient to pay the note held by Sarah Wadsworth against the defendant. The general rule is to the effect that it is the right and duty of a personal representative to retain from the share of each legatee whatever amount may be due said estate by said legatee either as debtor to the estate or by reason of matters growing out of the settlement. *Page 337 
Schouler on Executors, secs. 208-470-492 (a), Mordecai Law Lectures, Vol. II, page 1348; Rogers v. Gooch, 87 N.C. 442; Balsley v. Balsley,116 N.C. 472, 21 S.E. 954; Dodson v. Fulk, 147 N.C. 530, 61 S.E. 383;Nicholson v. Serrill, 191 N.C. 96, 131 S.E. 377.
In the Nicholson case, supra, this Court said: "The right and duty of an executor to deduct from a legacy the amount of any indebtedness of the legatee to the estate of his testator, is well settled, and is in full accord with the elementary principles of justice."
Upon the findings of fact, the judgment rendered was correct, with the exception and modification hereinbefore pointed out; that is to say, the plaintiff is entitled to recover from Laura D. Cutler the enhanced value of her land by reason of repairs and improvements made thereon by the defendant L. H. Cutler from his own funds.
Modified and affirmed.